IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERTO RODRIGUEZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-574-LPS |
| STATE OF DELAWARE, et al., | : | |
| Defendants. | : | |

Roberto Rodriguez, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 13, 2011
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Roberto Rodriguez ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

In May 2011, Plaintiff exited the shower area and fell. He alleges that there are no foot grips, the area is slippery, and there is no railing in the area with a twelve inch step down. Plaintiff alleges that the area is very dangerous without gripping or railings and his fall could have been prevented. He seeks compensatory damages.

## III. LEGAL STANDARDS

The Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v.*

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

*County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U. S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*,

129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Eleventh Amendment

The two named defendants, the State of Delaware and the HRYCI, are immune from suit by reason of the Eleventh Amendment of the United States Constitution. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

3

The State has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). Plaintiff's claims against Defendants have has no arguable basis in law or in fact. The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. **Negligence**

Plaintiff attempts to raise a conditions of confinement claim. Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id.* at 847.

Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dep't Of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001). "[W]hile [a] standing-water problem [is] a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. . . . Consequently, . . . as a matter of law, [] the hazard encountered by plaintiff was no greater than the daily hazards faced

by any member of the general public . . . , and [] there is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." *Reynolds v. Powell*, 370 F.3d 1028, 1030, 1032 (10th Cir. 2004); *see also Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. Apr. 30, 2007) (slip and fall claim amounts merely to negligence); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell, despite prison officials' alleged knowledge of hazard); *Robinson v. Cuyler*, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (same for slippery prison dining hall).

Plaintiff alleges that there are no floor grips or railing in the shower area and the slippery area is dangerous. As a result, he slipped, fell, and was injured. Although a wet shower floor may pose a substantial risk, plaintiff's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. The claim is nothing more than negligence. For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment is futile.

An appropriate Order follows.